Shauck, J.
It is said that the conclusion reached by the courts below was thought to be justified by the decision of this court in Haviland *334 et al. v. City of Columbus et al., 50 Ohio St., 471. That case was decided June 20, 1893. It involved an interpretation of Section 2264, Revised Statutes, as it was then in force. The third mode of assessing the costs and expenses of a street improvement which it defined was: “By the foot front of the property bounding and abutting upon the improvement.” That mode of assessing had been adopted by the city council in the case then under consideration. The view taken of the phrase quoted was, as-expressed in the second proposition of the syllabus: “If a lot abuts lengthwise on the improvement, but fronts breadthwise on another street and not on the improvement, the lot should be deemed as fronting breadthwise on the improvement, and be assessed for the number of feet on the improvement that it would have in such case and no more.”
Whatever may have been thought of the decision in that case as an interpretation of the statute, and however general may have been the belief that it imposed upon interior lots burdens which in justice should be borne by corner lots, the case was reconsidered and adhered to in the City of Toledo v. Sheill, 53 Ohio St., 447. In one of the opinions in that case it was suggested that the rule should be regarded as established so far as judicial decisions were concerned, and that if it was thought to operate unjustly it should be changed by the general assembly by an act operating prospectively. Accordingly by the uniform municipal code enacted October 22, 1902 (96 Ohio Laws, 20), Section 2264, Revised Statutes, was repealed and by Section 50 of that act, the third mode of assess *335 ing the costs and expenses of street improvements was defined as follows: “By the foot frontage of the property bounding and abutting upon the improvement.” Since the general assembly under the circumstances changed the phraseology of the clause and employed language in making the change which indicates very clearly the purpose of the legislature to act upon the suggestion referred to and to change the rule established in the case which appears to have controlled the judgments under review, the judgment must be regarded as erroneous. The entire frontage abutting on the improvement is now, by the clear terms of the statute, the subject of assessment.
Judgments of the circuit and common pleas courts reversed and the original petition dismissed.

Judgments reversed.

Summers, C. J., Crew, Spear and Davis, JJ., concur.